### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**BILLY JOE WATERS (03),**

    **Defendant.**

Case No. 18-20081-03-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Billy Joe Waters's pro se[1] Motion to Modify Sentence (Doc. 110), which was docketed February 8, 2021. The government has responded in opposition (Doc. 114). Mr. Waters asks the court to modify his current sentence by applying a credit for time served. Doc. 110 at 1. However, his request is one this court lacks authority to oblige, so his Motion is dismissed. The court explains its reasoning, below.

**I.  Background**

Mr. Waters currently is serving a 120-month sentence in federal prison stemming from a judgment entered in August 2020 (Doc. 94). Specifically, he received two 60-month sentences, set to run consecutively for violations of federal law prohibiting possession of methamphetamine and firearms as a felon. *Id.* at 1. Mr. Waters is serving his time at Federal Correctional Institution ("FCI") Pekin, located in Illinois. *See* Doc. 110 at 1 (providing defendant's return

---

[1]  Because Mr. Waters filed the current motion pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't become an advocate for the pro se party. *Id.* Likewise, Mr. Waters's pro se status doesn't excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

mailing address at FCI Pekin); *see also* Doc. 114 at 2 ("The defendant . . . is incarcerated in Pekin, Illinois.").

Before the court sentenced Mr. Waters for the crimes that account for his current federal incarceration, he already was serving time for state-level criminal offenses. *See* Doc. 110 at 1 (explaining that Mr. Waters believed his attorney at sentencing for the instant offense would request that a time credit be applied to his federal sentence for the time he was serving for his "state sentence"); *see also* Doc. 114 at 1 ("On May 21, 2019, a Writ of Habeas Corpus Ad Prosequendum was issued for the defendant who was serving a 49 month sentence for a 2017 [r]obbery conviction in the Kansas Department of Corrections.").

Mr. Waters appears to believe that an error was made with respect to crediting time toward his current federal sentence. *See* Doc. 110 at 1 (explaining same). That is, he believes his attorney at sentencing for his federal offenses should have (or intended to), but didn't, ask that his federal sentence run concurrently with his Kansas sentence. *Id.* ("My lawyer . . . was suppose[d] to ask you to sentence me concurrently to my State sentence so that the time I sat in custody . . . would count on my current sentence, as my State time has expired.").

**II.     Legal Standard**

"'Federal courts are courts of limited jurisdiction[,]'" meaning they "'possess only that power authorized by Constitution and statute[.]'" *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule." *Id.*

Here, Mr. Waters asks for help applying credit to his sentence for time served. *See generally* Doc. 110. The federal statute that speaks to this scenario is 18 U.S.C. § 3585.[2] It provides, as relevant here, that a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences" if the time spent in detention prior to the sentence taking effect was "a result of the offense for which the sentence was imposed" or because it was "a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed[.]" 18 U.S.C. § 3585(b)(1)–(2). According to the same statute, a defendant may receive credit for time served only if the time "has not been credited against another sentence." *Id.*

The Supreme Court has said that the authority "to compute the credit under § 3585(b)" belongs to the Attorney General, not district courts. *United States v. Wilson*, 503 U.S. 329, 335–36 (1992); *see also United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) (explaining that "credit awards must be made by the Attorney General, through the Bureau of Prisons, after sentencing" and recognizing, under *Wilson*, that a "'district court, therefore, cannot apply § 3585(b) at sentencing'" (quoting *Wilson*, 503 U.S. at 333)).

If a defendant believes that the Attorney General erred in calculating a time credit, he must "exhaust his administrative remedies with the Attorney General before seeking judicial review." *United States v. Woods*, 888 F.2d 653, 654 (10th Cir. 1989) (citing *United States v. Mitchell*, 845 F.2d 951, 952 (11th Cir. 1988)). If, after pursuing and exhausting administrative remedies, a defendant remains dissatisfied with the results of his efforts, *then* he may file a petition for judicial review, under 28 U.S.C. § 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203

---

[2] The government's Response references the wrong statute, but the court takes its references to "28 U.S.C. § 3585(b)" to mean 18 U.S.C. § 3585(b). *See, e.g.*, Doc. 114 at 3 ("Credit for time served in official detention prior to imposition of a federal sentence is governed by 28 U.S.C. § 3585(b)[.]").

3

(10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief[.]").  On this approach, defendants must file their petition in "the district court of the district wherein the restraint complained of is had[,]" meaning the judicial district where they are incarcerated.  28 U.S.C. § 2241(a); *see also Lynn v. Roberts*, No. 08-3293-RDR, 2008 WL 5411067, at *2 (D. Kan. Dec. 24, 2008) ("Section 2241 allows a petitioner to attack the execution of a sentence in the district where he is confined.").

### III.   Discussion

Based on the current record, it doesn't appear that Mr. Waters commenced and therefore could have exhausted his administrative remedies with the Attorney General and the Bureau of Prisons.  *See generally* Doc. 110 (making no reference to nor attaching any information about efforts to pursue and exhaust administrative remedies).  Because administrative exhaustion is a "prerequisite" to seeking out a district court's assistance on matters of the kind raised in this case, the court is without jurisdiction to consider the merits of Mr. Waters's claims.  *Garza*, 596 F.3d at 1204 (holding that where defendant conceded his failure to exhaust administrative remedies and also hadn't demonstrated that administrative exhaustion would've been a futile effort, the court couldn't proceed to the merits of his § 2241 claim); *see also Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curium) (explaining that "responsibility for the computation of the service of a sentence is an administrative responsibility conferred upon the attorney general acting through the Bureau of Prisons[,]" which means "the agency is in a superior position to investigate the facts[,]" and therefore "judicial intervention is usually deferred until administrative remedies have been exhausted").  For this reason, the court lacks jurisdiction and must dismiss Mr. Waters's Motion.

Another independent reason requires that the court dismiss Mr. Waters's motion. As discussed, above, Mr. Waters currently is incarcerated in a federal prison in Illinois. *See* Doc. 110 at 1 (providing defendant's return mailing address at FCI Pekin); *see also* Doc. 114 at 2 ("The defendant . . . is incarcerated in Pekin, Illinois."). However, he filed his request for relief with this court, located in the District of Kansas. The federal statute that applies to this type of request requires that he file his petition with a district court located within the judicial district where he currently is subjected to confinement. 28 U.S.C. § 2241(a); *see also Lynn*, 2008 WL 5411067, at *2 ("Section 2241 allows a petitioner to attack the execution of a sentence in the district where he is confined."). FCI Pekin is located in Central Illinois, not far from Peoria. So, the United States District Court for the Central District of Illinois is the appropriate venue for Mr. Waters's request. Because he has sought relief from the federal district where he was sentenced, rather than the district where he is incarcerated, this court lacks jurisdiction to consider the merits of Mr. Waters's request.

**IV.     Conclusion**

Mr. Waters is proceeding pro se. Accordingly, the court views his pleading through a more liberal lens than it would if he was represented by counsel. *Hall*, 935 F.2d at 1110. And while the court can't act as Mr. Waters's advocate, *see id.*, it has sought—through this Order—to explain clearly the reasons that his request must fail. That is, Mr. Waters must pursue, first, administrative remedies through the Attorney General and Bureau of Prisons before he asks a federal district court to consider a request to apply a credit to his sentence for time served. *Garza*, 596 F.3d at 1203. If, after he has done so, Mr. Waters still feels that justice hasn't been served, he may pursue the relief he's requested by filing a petition in the Central District of

Illinois—the federal district where he currently is incarcerated—assuming he still is incarcerated there.  *See Lynn*, 2008 WL 5411067, at \*2.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Modify Sentence (Doc. 110) is dismissed.

**IT IS SO ORDERED.**

Dated this 6th day of April, 2021, at Kansas City, Kansas.

                                           **s/ Daniel D. Crabtree**
                                           **Daniel D. Crabtree**
                                           **United States District Judge**